UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM BROWN,<br><br>Defendant. | Case No. 17 CR-0481 CRB<br>Case No. 15-CR-0069 TEH<br><br>**ORDER OF DETENTION** |

William Brown is charged by indictment with violating 18 U.S.C. § 922(g). As he was on supervised release for a previous federal felony conviction in 15-0069 TEH at the time of the alleged offense underlying the current indictment, he has also been charged with violating the terms of his supervised release. Mr. Brown came before the Court on October 6, 2017 for a detention hearing. The defendant was present and represented by Geoff Hansen of the Federal Public Defender's Office. The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

Because Mr. Brown is charged with violating the terms of his supervised release, he bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. Fed.R.Crim.P. 32.1(a)(6). Further, if, as here, there is probable cause to believe the defendant committed another state, federal or local crime while on supervised release, there is a presumption that there are no conditions or combination of conditions that the court can impose to mitigate the risk of flight or danger to the community. *See* 18 U.S.C. § 3148.

Mr. Brown has not overcome this presumption. The record reflects that since his release from prison he has been using illegal drugs; indeed, just one month before the charged offense he was ordered to reside at a re-entry center because of his drug use. The current alleged offense

involves possession of a loaded gun and drugs. In light of these facts, and the lack of any alternative to his current supervised release conditions, Mr. Brown has not met his burden.

These findings are made without prejudice to the Defendant's right to seek review of his detention should new information arise.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Mr. Brown be, and hereby is, committed to the custody of the Attorney General;

2. Mr. Brown be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: October 6, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge